IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> TMX FINANCE CORPORATE SERVICES, INC.; and TMX FINANCE LLC, <br><br> Defendants. | CIVIL ACTION NO.: 4:23-cv-95 |

**O R D E R**

This matter comes before the Court on Plaintiff's attorneys Gary E. Mason and Joshua Gordon Schiffer's failure to comply with the Court's Text Order and failure to appear for a hearing. Having reviewed Plaintiff's counsel's Response to the Court's Show Cause Order, (doc. 19), the Court finds that extreme sanctions including dismissal of this case and revocation of counsel's *pro hac vice* admission are not warranted. Nonetheless, the Court holds Mr. Mason and Mr. Schiffer in civil contempt for the reasons and in the manner set forth below.

## BACKGROUND[1]

On June 30, 2023, the Court issued a Text Order setting this case, along with twenty-five related cases, down for a hearing to be held on July 25, 2023. (Doc. 14.) The Text Order explained that the Court would hear from counsel as to whether this matter should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR. (Id.) The Text Order stated, "One attorney for each party shall appear for the status conference. . . . By no later than July 21, 2023, counsel for each party shall email the undersigned's Courtroom Deputy Clerk a list of any party or attorney requesting to attend the hearing." (Id.) Plaintiff's attorneys of record in this case, Mr. Mason and Mr. Schiffer, each received notice of the Text Order through the Court's electronic case filing system on June 30, 2023. (Id.)

Nonetheless, neither of these attorneys appeared at the July 25, 2023, hearing, and Plaintiff was unrepresented at the hearing. After calling this case and recording Plaintiff's counsel's failure to appear, the Court asked the Courtroom Deputy Clerk on the record whether any of Plaintiff's attorneys had followed the Court's directive to contact the Courtroom Deputy Clerk to notify the Court of the attorney who would be appearing on behalf of Plaintiff. The Courtroom Deputy Clerk responded that counsel had not. Thus, the Court issued an Order for Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. 17.) Additionally, the Court ordered each attorney of record for Plaintiff to show cause why he or she should not be held in

---

[1] The Court finds all facts contained herein by clear and convincing evidence. The facts underlying the Court's contempt ruling were committed before the Court, are readily established by the record, and are not disputed. Thus, the Court need not hold a hearing. See Martinez-Garcia v. Perez, No. 6:13-cv-015, 2013 WL 5606366, at *1 (S.D. Ga. Oct. 11, 2013) ("[N]o hearing prior to a finding of civil contempt is needed 'when there are no disputed factual matters that require an evidentiary hearing.'") (quoting Mercer v. Mitchell, 908 F.2d 763, 769 n.11 (11th Cir.1990)).

contempt of court for his or her failure to comply with the directives in the Court's Text Order and failure to appear for the hearing.  (Id.)

On August 1, 2023, Plaintiff's counsel filed a Response to the Show Cause Order.  (Doc. 19.)  In that Response, the attorneys explained that they had failed to appear because an attorney within Mr. Mason's firm, Melissa Willet, who has never entered an appearance in this case but apparently was supposed to attend the status conference, abruptly resigned from the firm on July 21, 2023.  (Id. at p. 2.)

## DISCUSSION

The Court's power to find attorneys appearing before it in civil contempt for disobeying the Court's orders and failing to appear is well established.  "Courts have inherent power to enforce compliance with their lawful orders through civil contempt."  Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)).  Any finding of civil contempt—willful disregard of the authority of the Court—must be predicated upon "clear and convincing evidence" that the underlying order was violated. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).  Such "clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order."  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002).  "Also, the absence of willfulness is not a defense to a charge of civil contempt, as this Court does not focus on subjective beliefs or intent in complying with the order, but whether in fact the contemnor's conduct complied with the order itself."  Martinez-Garcia, 2013 WL 5606366, at *1 (citing FTC v. Leshin, 618 F.3d 1221, 1232–33 (11th Cir. 2010)).

Here, each of Plaintiff's attorneys of record received the June 30, 2023, Text Order setting the July 25, 2023, hearing well in advance of the hearing.  The Text Order was valid, lawful, clear,

and unambiguous, and each attorney failed to comply with the Text Order despite their ability to do so.  Counsel attributes their failure to appear to Ms. Willet's unexpected resignation from Mr. Mason's firm on July 21, 2023.  (Doc. 19, p. 2.)  Counsel explained that Ms. Willet had previously represented to Mr. Mason that she would appear in the case *pro hac vice* and attend the hearing because the date conflicted with Mr. Mason's personal vacation.  (Id.)  However, Mr. Mason and Mr. Schiffer should have had ample notice well in advance of the hearing that Ms. Willet would not appear at the hearing.  For one thing, Ms. Willet would have had to move to appear in the case *pro hac vice* to represent Mr. Rodriguez at the hearing, and she never did so.  Appearing *pro hac vice* takes time, and it is by no means guaranteed that the Court will grant such appearance.  Thus, in the weeks before the hearing, when Ms. Willet had not filed a *pro hac vice* motion, a motion that Mr. Schiffer presumably would have had to sign onto, much less been granted *pro hac vice* status, Mr. Mason and Mr. Schiffer should have been alerted that Ms. Willet would not be able to attend the hearing.  Moreover, in the Court's June 30, 2023, Text Order, the Court ordered Mr. Mason and Mr. Schiffer to notify the Courtroom Deputy Clerk, by July 21, 2023, who would be attending the hearing on Mr. Williams' behalf.  (Doc. 14.)  They never emailed the Court that Ms. Willet would be attending the hearing.  Thus, when this deadline came and went without any word from Mr. Mason, Mr. Schiffer, or Ms. Willet, counsel should have taken action to ensure that someone would represent Mr. Williams at the hearing.

      Additionally, because of Plaintiff's counsel's failure to attend the hearing, the Court has expended additional judicial resources, and the Court will have to take additional action to address matters that were already addressed in other cases at the hearing.  However, it would be unfair for Mr. Williams to suffer the consequences of his counsel's failures for which Mr. Williams shares no blame.  Thus, extreme sanctions including dismissal are not warranted.  However, Plaintiff's

counsel's noncompliance with the Text Order and the harm caused by counsel's failure to appear cannot go unremedied.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's counsel's failure to comply with the Court's Text Order, (doc. 14), and failure to appear before the Court warrants a finding of civil contempt as to each of Plaintiff's attorneys of record.  However, harsh sanctions including dismissal of this action or revocation of counsel's *pro hac vice* admission are not warranted. Thus, the Court **FINDS** each of Plaintiff's attorneys, Gary E. Mason and Joshua Gordon Schiffer, in civil contempt and **ORDERS** them to each pay $1,000 to the Clerk of Court on or before August 10, 2023.  This sanction should strike the appropriate parsimony balance and prevent any further disregard of the Court's orders.

Additionally, the Court **ORDERS** Plaintiff to file a statement within **seven (7) days** of the date of this Order stating whether Plaintiff agrees that this case should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR.[2]

**SO ORDERED**, this 4th day of August, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Given that this directive pertains to proceedings in Kolstedt, the Court **DIRECTS** the Clerk of Court to file this Order on the docket of that case as well as the docket of this case.  Additionally, given the potential for this case to be consolidated into the Kolstedt case, Plaintiff's counsel should continue to monitor that case and stay abreast of the Court's orders entered in Kolstedt.