IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VICTORIA FLORES CORIA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-94 |
| v. | |
| TMX FINANCE CORPORATE SERVICES, INC., | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Plaintiff's attorneys Seth Diamond and Linda Nussbaum's failure to comply with the Court's Text Order and failure to appear for a hearing.[1] Having reviewed Plaintiff's counsel's Response to the Court's Show Cause Order, (doc. 11), the Court finds that extreme sanctions including dismissal of this case and revocation of counsel's *pro hac vice* admission are not warranted. Nonetheless, the Court holds Mr. Diamond and Ms. Nussbaum in civil contempt for the reasons and in the manner set forth below.

---

[1] Plaintiff's counsel repeatedly refers to "Ms. Schwaiger" in their Response to the Court's Order to Show Cause. (Doc. 13, p. 2.) However, no attorney by that name is counsel of record in this case. Ms. Shwaiger's signature does not appear on any pleadings, she is not admitted to practice in this Court, and she has not moved to appear *pro hac vice* in this case. Thus, while the Court extends its sincerest condolences and best wishes to this attorney who is apparently undergoing treatment for cancer, her circumstances have no apparent bearing on the issues before the Court and will not be considered. Additionally, Micheal E. Criden is included in the signature blocks of Plaintiff's Response and Complaint. (Id. at p. 3, doc. 1, p. 30.) However, no attorney by that name is admitted to practice before this Court, and no such attorney has moved to appear *pro hac vice* in this case. Particularly given the circumstances giving rise to this Order, the Court **DIRECTS** Plaintiff's counsel to pay closer attention to who represents Ms. Coria in this case.

## BACKGROUND[2]

On June 30, 2023, the Court issued a Text Order setting this case, along with twenty-five related cases, down for a hearing to be held on July 25, 2023. (Doc. 9.) The Text Order explained that the Court would hear from counsel as to whether this matter should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR. (Id.) The Text Order stated, "One attorney for each party shall appear for the status conference. . . . By no later than July 21, 2023, counsel for each party shall email the undersigned's Courtroom Deputy Clerk a list of any party or attorney requesting to attend the hearing." (Id.) Plaintiff's attorneys of record in this case, Seth Diamond and Linda Nussbaum, each received notice of the Text Order through the Court's electronic case filing system on June 30, 2023. (Id.)

Nonetheless, neither of these attorneys appeared at the July 25, 2023, hearing and, therefore, Plaintiff was unrepresented at the hearing. After calling this case and recording Plaintiff's counsel's failure to appear, the Court asked the Courtroom Deputy Clerk on the record whether either of Plaintiff's attorneys had followed the Court's directive to contact the Courtroom Deputy Clerk to notify the Court of the attorney who would be appearing on behalf of Plaintiff. The Courtroom Deputy Clerk responded that counsel had not. Thus, the Court issued an Order for Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. 11.) Additionally, the Court ordered each attorney of record for Plaintiff to show cause why he or she

---

[2] The Court finds all facts recited herein by clear and convincing evidence. The facts underlying the Court's contempt findings were committed before the Court, are readily established by the record, and are not disputed. Thus, the Court need not hold a hearing. See Martinez-Garcia v. Perez, No. 6:13-cv-015, 2013 WL 5606366, at *1 (S.D. Ga. Oct. 11, 2013) ("[N]o hearing prior to a finding of civil contempt is needed 'when there are no disputed factual matters that require an evidentiary hearing.'") (quoting Mercer v. Mitchell, 908 F.2d 763, 769 n.11 (11th Cir.1990)).

2

should not be held in contempt of court for his or her failure to comply with the directives in the Text Order and failure to appear for the hearing.  (Id.)

On July 31, 2023, Plaintiff's counsel filed a Response to the Show Cause Order.  (Doc. 13.)  In that scant Response, Plaintiff's counsel stated that Mr. Diamond's firm, Morgan and Morgan, serves as local counsel in this case and is also Plaintiff's counsel in the Koldstedt case. (Id. at p. 1.)  Additionally, Plaintiff's counsel stated that when the Court's June 30, 2023, Text Order was entered Ms. Nussbaum "was conducting a two-day deposition in a complex antitrust MDL."  (Id.)  Plaintiff's counsel "assumed . . . that the Morgan and Morgan attorneys attending the Status Conference would appear for all clients represented by the Morgan firm."  (Id. at p. 2.)

**DISCUSSION**

The Court's power to find attorneys appearing before it in civil contempt for disobeying the Court's orders and failing to appear is well established.  "Courts have inherent power to enforce compliance with their lawful orders through civil contempt."  Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)).  Any finding of civil contempt—willful disregard of the authority of the Court—must be predicated upon "clear and convincing evidence" that the underlying order was violated. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).  Such "clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order."  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). "Also, the absence of willfulness is not a defense to a charge of civil contempt, as this Court does not focus on subjective beliefs or intent in complying with the order, but whether in fact the contemnor's conduct complied with the order itself."  Martinez-Garcia, 2013 WL 5606366, at *1 (citing FTC v. Leshin, 618 F.3d 1221, 1232–33 (11th Cir. 2010)).

Here, both of Plaintiff's attorneys of record received the June 30, 2023, Text Order setting the July 25, 2023, hearing well in advance of the hearing. The Text Order was valid, lawful, clear, and unambiguous, and each attorney failed to comply with the Text Order despite their ability to do so. In fact, Plaintiff's counsel admitted they "did not comply with the Court's directives regarding [the] Text Order as the result of an inadvertent *mistake*," without citing any conflict or extenuating circumstance that actually prevented them from complying. (Doc. 13, p. 2 (emphasis added).)

The Court finds Plaintiff's counsel's brief explanations for their failure to attend the hearing woefully inadequate. The fact that Ms. Nussbaum was attending a deposition at the time the Text Order was issued is irrelevant. The Text Order was issued weeks in advance of the hearing. Further, all the numerous attorneys who received notice of the hearing undoubtedly had busy practices and were involved in other cases, and they were all likely otherwise occupied on the date of the Text Order. Yet, except for Plaintiff's counsel in this case and two other cases those other industrious attorneys found time to read the Text Order and follow its directives.[3] Further, the fact that other members of Mr. Diamond's law firm represent plaintiffs in related cases is also irrelevant. Those attorneys have not entered an appearance in this case and, therefore, could not have spoken on behalf of Ms. Coria at the hearing.[4] Particularly given the Court's requirement that counsel email the Courtroom Deputy Clerk days before the hearing with the name of the

---

[3] Indeed, the Court regularly issues hearing notices to attorneys who appear in multiple "complex" cases, and very rarely do those attorneys fail to appear before the Court.

[4] The Court is perplexed by counsel's apparent assumption that attorneys who have not appeared on behalf of Ms. Coria could somehow speak for her at the hearing. Indeed, the only Morgan and Morgan attorney who appeared at the hearing, John A. Yanchunis, was admitted to the Kolstedt case *pro hac vice*, and such admission only applies for that particular case. See Local Rule 83.4(b). Thus, he clearly could not speak for Ms. Coria in this case.

attorney who would attend the hearing, Ms. Nussbaum and Mr. Diamond were well apprised that one of them would need to appear on Ms. Coria's behalf.[5]

Additionally, because of Plaintiff's counsel's failure to attend the hearing, the Court has expended additional judicial resources, and the Court will have to take additional action to address matters that were already addressed in other cases at the hearing.  However, it would be unfair for Ms. Coria to suffer the consequences of her counsel's failures for which Ms. Coria shares no blame.  Thus, extreme sanctions including dismissal are not warranted.  However, Plaintiff's counsel's noncompliance with the Text Order and the harm caused by counsel's failure to appear cannot go unremedied.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's counsel's failure to comply with the Court's Text Order, (doc. 9), and failure to appear before the Court warrants a finding of civil contempt as to each of Plaintiff's attorneys of record.  However, harsh sanctions including dismissal of this action or revocation of counsel's *pro hac vice* admission are not warranted.  Thus, the Court **FINDS** each of Plaintiff's attorneys, Seth Diamond and Linda Nussbaum, in civil contempt and **ORDERS** them to each pay $1,000 to the Clerk of Court on or before August 10, 2023.  This sanction should strike the appropriate parsimony balance and prevent any further disregard of the Court's orders.  However, should counsel demonstrate similar failures in this or other cases in the future, the Court will impose stiffer sanctions.

---

[5] Indeed, Mr. Diamond received this Text Order in multiple cases as he was local counsel in other cases in which the hearing was noticed.

Additionally, the Court **ORDERS** Plaintiff to file a statement within **seven (7) days** of the date of this Order stating whether Plaintiff agrees that this case should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR.[6]

**SO ORDERED**, this 4th day of August, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] Given that this directive pertains to proceedings in Kolstedt, the Court **DIRECTS** the Clerk of Court to file this Order on the docket of that case as well as the docket of this case.  Additionally, given the potential for this case to be consolidated into the Kolstedt case, Plaintiff's counsel should monitor that case and stay abreast of the Court's orders entered in Kolstedt.