# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |
|---|---|
| SAVANNAH KOLSTEDT on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>TMX FINANCE CORPORATE SERVICES, INC.,<br><br>      Defendant. | Case No.: 4:23-cv-00076-RSB-CLR |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL AND LIAISON COUNSEL

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND .............................2

III.  ARGUMENT .............................................................................3

    1.    It is appropriate for the court to appoint interim
       class counsel at this juncture ..............................................3

    2.    David Goodwin, Daniel Hedlund, Cathy Smith, and Joseph Nelson
       of Gustafson Gluek PLLC; and Marc Edelson of Edelson Lechtzin
       LLP; should be appointed as class counsel ......................................6

          a.    Proposed class counsel performed substantial work in
             investigating this action ..........................................6

          b.    Proposed interim class counsel have relevant experience and
             knowledge of the applicable law ............................................7

          c.    The proposed interim class counsel are committed to
             representing and advancing the interests of the class ...........11

    3.    Paul Painter should be appointed as liaison
       counsel…………………………………………………………12

IV.   CONCLUSION ........................................................................13

# TABLE OF AUTHORITIES

<u>**CASES**</u>

*Beture v. Samsung Elecs. Am., Inc.*,
No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar.
27, 2018) ..................................................................................................4

*Carlotti v. Asus Comput. Int'l*,
No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D.
Cal., Jun. 22, 2020) .................................................................................17

*DeMarco v. AvalonBay Communities, Inc.*,
No. 15-628-JLL-JAD, ECF No. 18 (D.N.J. Mar. 17, 2015)................................5

*Diaz v. Nintendo of America, Inc.*,
No. 2:19-cv-01116-TSZ (W.D. Wash. Sept. 17, 2019)......................................6

*Durso v. Samsung Elecs. Am.*,
Civil Action No. 2:12-cv-5352 (DMC)(JAD), 2013 U.S. Dist.
LEXIS 111412 (D.N.J. Aug. 5, 2013) ..................................................9

*Henderson v. Volvo Cars of N. Am., LLC*,
Civil Action No. 09-cv-4146(DMC)(JAD), 2010 U.S. Dist. LEXIS
151733 (D.N.J. Nov. 1, 2010)..................................................................4, 5

*In re Apple & AT&TM Antitrust Litig.*,
No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061 (N.D. Cal.
Apr. 15, 2008) ........................................................................................8

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
No. 09 C 7666, 2010 WL 1433316 (N.D. Ill. Apr. 7, 2010) ..............................8

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
No. MDL No. 2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan.
17, 2013) ...............................................................................................4

*McFadden v. Microsoft Corp.*,
Case No. 20-cv-0640-RSM-MAT, 2020 U.S. Dist. LEXIS 173872
(W.D. Wash., Sept. 22, 2020) ...........................................................5

*Milkboy Ctr. City LLC v. Cincinnati Cas. Co.*,

No. 20-2036, 2020 U.S. Dist. LEXIS 240464 (E.D. Pa. Dec. 22, 2020) ................................................................................................7

*Tolmasoff v. General Motors, LLC*,
No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ................................................................................................6

## **Other Authorities**

Fed. R. Civ. P. 23(g) .....................................................................*passim*

Fed. R. Civ. P. 23 (g)(1)(A)(i)–(iv).................................................7

*Manual for Complex Litigation*
§ 21.11 (4th ed. 2004)..................................................................6
§§ 21.271-72 (4th ed. 2004) .......................................................7

*Moore's Federal Practice*
§ 23.120[3][a] (2007)..................................................................8
§ 10.221(2007)...........................................................................18
§ 40.22 (2007).............................................................................18

## I.    <u>**INTRODUCTION**</u>

Pursuant to this Court's July 27, 2023 Oral Order inviting applications for leadership in this matter, Plaintiffs Antonio DeJesus, Tracy Starling, and Edwin Scheide, ("Plaintiffs") respectfully move the Court to exercise its authority under Fed. R. Civ. P. 23(g) to appoint Marc Edelson and Cathy Smith as interim class and Paul Painter as liaison counsel in this data breach class action.

Proposed interim class counsel and interim liaison counsel are working cooperatively, amongst themselves and others, to prosecute this litigation for the collective benefit of Plaintiffs and the proposed class. As set forth below, the proposed interim class counsel are experienced class action attorneys with expertise in class actions, including those involving breaches of data security systems and the leaking of private information. Their respective law firms have the resources necessary to efficiently prosecute this case on behalf of the proposed class, and they have already demonstrated their commitment to dedicating the necessary time and capital to doing so.

Together Marc Edelson of Edelson Lechtzin LLP ("EL") and Cathy Smith of Gustafson Gluek PLLC ("GG") are uniquely positioned to represent Plaintiffs and the proposed class due to their extensive relevant complex class action and data breach experience, litigation resources, regional diversity, and efficiently lean structure. Paul Painter of Bowen Painter, LLC ("BP"), is well-positioned to serve as

liaison counsel due to his experience and reputation litigating class action cases in this district. He has been actively involved in these cases to date and is committed to maintaining that involvement until a final resolution is reached. By appointing these attorneys as interim and liaison class counsel, this Court will promote the fair and efficient resolution of this controversy.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Antonio DeJesus, Tracy Starling, and Edwin Scheide are residents of Texas, Georgia, and Illinois, respectively. [DeJesus Compl., ECF No. 38-16 at ¶¶ 16–17; Scheide Compl., ECF No. 38-19 at ¶17]. Defendant TMX Finance Corporate Services, Inc. had collected personal identifiable information ("PII") from each plaintiff and maintained it on its network. [DeJesus Compl., ECF No. 38-16 at ¶¶1–4; Scheide Compl., ECF No. 38-19 at ¶¶1–4]. Some time after March 30, 2023, each Plaintiff received a letter directly from Defendant notifying them that a data breach had taken place on its network. [DeJesus Compl., ECF No. 38-16 at ¶¶ 16–17; Scheide Compl., ECF No. 38-19 at ¶17]. Plaintiffs' PII—which could include included their names, dates of birth, passport numbers, driver's license numbers, federal/state identification card numbers, tax identification numbers, social security numbers and/or financial account information, phone numbers, addresses, and email addresses, among other information—is now in the hands of cybercriminals, and

Plaintiffs have suffered and will continue to suffer a host of injuries as a result. [DeJesus Compl., ECF No. 38-16 at ¶¶ 9–14].

Plaintiffs' experience is shared by an estimated 4.8 million individuals across the United States. [*Id.* at ¶ 1]. Some of those individuals brought class action suits alleging that Defendant failed to use reasonable security measures to safeguard their PPI. On July 25, 2023, this Court consolidated many of those actions into the instant case and invited Plaintiffs to move for interim class counsel. The undersigned now so move.

### III.    <u>ARGUMENT</u>

**1.    It is appropriate for the court to appoint interim class counsel at this juncture.**

"Federal Rule of Civil Procedure 23(g)(3) permits the Court to 'designate interim counsel to act on behalf of putative class members before determining whether to certify the action as a class action.'" *Bedont v. Horizon Actuarial Servs., LLC,* No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (citing Fed. R. Civ. P. 23(g)) (N.D. Ga. May 12, 2022). The Court need not make any decision as to whether class certification will eventually be granted in order to appoint interim class counsel. *Id*. "If more than one applicant seeks appointment, "the court must appoint the applicant best able to represent the interest of the class." <u>*Flowers v. Here To Serve Restaurants, Inc.,*</u> No. 1:15-CV-3563-SCJ, 2016 WL 10567195, at *2 (N.D. Ga. Jan. 12, 2016)

Rule 23(g) contemplates the early appointment of class counsel to act on behalf of the proposed class, even where there are no competing applications. *E.g.*, *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 at *2-5 (D.N.J. Mar. 27, 2018); *Diaz v. Nintendo of America, Inc.*, No. 2:19-cv-01116-TSZ (W.D. Wash. Sept. 17, 2019), ECF No. 20 (appointing interim co-lead counsel where counsel reached agreed-upon leadership and there were no other competing leadership applications).

Designating interim counsel now will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ("MCL"). This clarity is particularly important here given the scope of the Data Breach and the technical nature of the facts underlying Defendant's liability. Appointment of class counsel here and now will ensure that these members of the proposed class are able to speak with one voice for the aforementioned activities.

Because class counsel acts for the class during the litigation, the Court should appoint counsel who are capable and qualified to fairly and adequately represent the interests of the proposed classes. *Id.* at §§ 21.271–72. This is so because, as the 2003 amendments to Rule 23(g) clarify, "it will usually be important for an attorney to

take action to prepare for the certification decision" as well as "mak[ing] or respond[ing] to motions before certification."

> **2. Marc Edelson of Edelson Lechtzin LLP and Cathy Smith of Gustafson Gluek PLLC should be appointed as class counsel.**

The same factors for appointing class counsel at the class certification stage under Rule 23(g) also apply to the appointment of interim class counsel before certification. "Pursuant to Rule 23(g), a court may 'designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.' *See* Fed. R. Civ. P. 23(g)(3). Under Rule 23(g)(1)(A), the Court must consider the following factors before appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.'"

Flowers v. Here To Serve Restaurants, Inc., No. 1:15-CV-3563-SCJ, 2016 WL 10567195, at *2 (N.D. Ga. Jan. 12, 2016)

As discussed below, each of these factors support the appointment of Marc Edelson and Cathy Smith as interim class counsel here.

> **a. Proposed class counsel performed substantial work in investigating this action.**

Proposed class counsel have been diligent in investigating and advancing this case. Among other things, they have investigated the circumstances surrounding the Data Breach, Defendant's handling of said breach, and the actualized and potential effect that breach had on Defendant's customers and other individuals. *Moore's Federal Practice* § 23.120[3][a] (2007) (noting that courts may consider whether applicant has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort"). Their firms have devoted substantial time to researching the relevant law to prepare their clients' complaints and conferred with many of the scores of individuals impacted by the Data Breach who have contacted their firms. *See In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9–10 (N.D. Cal. Apr. 15, 2008) (appointing firm to leadership position where it had "invested significant time researching and investigating the potential claims"). This factor supports their appointment.

### b. Proposed interim class counsel have relevant experience and knowledge of the applicable law.

Proposed interim class counsel are well-qualified to represent Plaintiffs in complex litigation. Each has a track record of successfully litigating and resolving data breach class actions and other complex cases. *See Durso v. Samsung Elecs. Am.*, Civil Action No. 2:12-cv-5352 (DMC)(JAD), 2013 U.S. Dist. LEXIS 111412, at *11 (D.N.J. Aug. 5, 2013) (appointing interim class counsel in large part because

"counsel's experience in class action litigation qualifies them to evaluate the worth and risks involved in pursuing this case") *See also, Miller v. Beazer Homes USA, Inc.*, No. CIV A 107CV-1098-RWS, 2007 WL 3005332, at *2 (N.D. Ga. Oct. 11, 2007) (appointing interim co-lead counsel in part due to "their knowledge and experience in this area of law"). Proposed interim class counsel have ample experience handling complex litigation and class action and PPI data breach claims. The qualifications and experience of these firms are detailed in the accompanying firm resumes attached as exhibits hereto.

**Gustafson Gluek PLLC**

Founded in 2003, Gustafson Gluek is a national class action firm, with offices in California and Minnesota. Gluek's attorneys are consistently recognized by their clients, peers, and courts across the country as leaders in their field and, as such, have been chosen to lead some of the largest and most complex multi-district litigation matters. Ms. Smith and the attorneys at Gustafson Gluek have received national and state-wide awards and honors and are routinely called upon by other leading firms to assist in taking on some of the largest companies and defense firms in the world. Gustafson Gluek has successfully prosecuted a multitude of class actions on behalf of defrauded consumers and businesses.

Examples of major class action cases in which Gustafson Gluek is serving or has served as lead counsel include *In re: Deere & Co. Repair Services Antitrust*

*Litigation* (N.D. Ill.); *In re Broiler Chicken Antitrust Litig.* (N.D. Ill.); *In re Crop*

*Inputs Antitrust Litig.* (E.D. Mo.); *In re DPP Beef Litig.* (D. Minn.); *In re DRAM*

*Antitrust Litig.* (N.D. Cal. and multiple state court actions); *In re Interior Molded*

*Doors Indirect Purchaser Antitrust Litig.* (E.D. Va.); *In re Pork Antitrust Litig.* (D.

Minn.); *In re Syngenta Litig.* (D. Minn.); *In re Vitamin C Antitrust Litig.* (E.D.N.Y.);

*Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, (E.D.N.Y.);

*St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al.* (D. Minn.)*; In re Netgain*

*Data Breach Litig.*, (D. Minn.); *and Vikram Bhatia, D.D.S., et al., v. 3M Company*

(D. Minn.). Gustafson Gluek prides itself on the strength and diversity of attorneys

and staff that will be willing and able to assist in litigating this matter. *See* GG Firm

Resume, Exhibit A.

Cathy Smith will lead the Gustafson Gluek PLLC team for this case. In the

last seventeen years with Gustafson Gluek, Ms. Smith has worked on various cases

including complex class actions, many of which have involved complicated

jurisdictional issues and discovery hurdles. As a partner of Gustafson Gluek, Ms.

Smith has been active in the Minnesota Federal Bar and Minnesota Women

Lawyers, with a particular focus on the issue of diversity and has been named Super

Lawyer Rising Star in 2013-2016 by Law & Politics magazine, a designation

selected for no more than 2.5% of lawyers in Minnesota. She was also named Super

Lawyer in 2022-2023 by Super Lawyers, and also was selected as one of Minnesota Lawyer's Attorneys of the Year in 2023.

Ms. Smith has played a significant role herself or as a part of Gustafson Gluek, serving in a leadership role. In *Greater Chautauqua Federal Credit Union v. KMart Corp. et al.*, 15-cv-02228 (N.D. Ill.), she was personally appointed to the plaintiffs' steering committee. In *Baldwin et al. v. Miracle-Ear, Inc*., 0:20-cv-01502, as one of the Class Counsel, she was able to lead the case to obtain significant settlement for the class. She was also heavily involved in working with the foreign defendants in ESI discovery work and solely responsible for management of the Korean review team. *Id*. These cases include *In re Lithium-Ion Batteries Antitrust Litig.*, 4:13-md-02420 (N.D. Cal.); *In re Optical Disk Drive Products Antitrust Litig.*, 3:10-md-02143 (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 07-cv-05944 (N.D. Cal.); and *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.). *Id*. She was a member of the trial team in both the *LCD* and *CRT* cases both of which ultimately settled for significant recoveries for the plaintiffs. She is now currently working as a member of the trial team for the CRT case once again against the remaining defendants. She also worked on early case development, discovery work and/or extensive motion practice in other types of complex class action cases, some involving foreign defendants.

Ms. Smith is currently representing a class of consumers who purchased products containing hard disk drives in *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 19-md-02918 (N.D. Cal.).  Ms. Smith is managing this case, consolidated in the Northern District of California, which involves defendants from Japan, Thailand, China, as well as U.S. companies, and she is working closely with appointed lead counsel and has taken on the work traditionally done by plaintiff executive committees.

Ms. Smith is also currently representing millions of consumers against manufacturers of baby foods and formula that contain harmful heavy metals. *In re Plum Baby Food Litig.*, 21-cv-00913-YGR (N.D. Cal.); *Willoughby et al. v. Abbott Laboratories,* 1:22−cv−01322 (N.D. IL.); *In re Nurture Baby Food Litig.,* 1:21-cv-01217-MKV (S.D.N.Y.).

While being zealous advocates for the injured consumers, Gustafson Gluek also puts significant importance on being an advocate for the underrepresented. Gustafson Gluek was one of four firms to create the Minnesota *Pro Se* Project, pairing indigent federal litigants with attorneys for which Ms. Smith has worked extensively from laying the foundation to its current growth. *Id*. Ms. Smith has represented many pro se litigants through the Federal Bar Association's Pro Se Project in addition to those referred to Gustafson Gluek by other sources and received the "Distinguished Pro Bono Service Award" in 2010 for her efforts. *Id*.

Ms. Smith, along with a team of very capable attorneys at Gustafson Gluek, are willing and able to immediately devote significant time and the financial resources of the firm in this case. Moreover, Gustafson Gluek is accustomed to funding long-term complex litigation and this case is no exception.

In this matter, Ms. Smith will be supported by David Goodwin and Joe Nelson.

David Goodwin is a member of Gustafson Gluek PLLC. Since Mr. Goodwin joined the firm in 2008, he has practiced in the areas of consumer protection, antitrust, and securities litigation. He has successfully represented many small businesses and individuals litigating their claims against some of the largest companies in the world.

He is currently involved in several data breach class actions, including *In re: Netgain Technology, LLC Consumer Data Breach Litigation,* 21-cv-1210 SRN-LIB (D. Minn.) serves on the Plaintiffs' Steering Committee. He also represents purported classes of individuals in the following data breach cases: *Okash v. Essentia Health,* 23-cv-482 JRT-LIB (D. Minn.), *In re: Group Health Plan Litigation,* 23-cv-267 JWB-DJF (D. Minn.), *Yeisely v. University of Iowa Hospitals & Clinics,* 23-cv-25 SHL-HCA (D. Iowa), *In re: MOVEit Customer Data Breach Security Litigation,* MDL No. 3083; and *Humphries v. Apria Healthcare, LLC* 23-cv-1147 JPH-KMB (S.D. In.)

Mr. Goodwin has also represented individuals and businesses in several complex class actions, including *In re: Dealer Management Systems Antitrust Litig.* (N.D. Ill.), where he worked on client development, briefing, and discovery; *Gisairo v. Lenovo (United States) Inc.* (D. Minn.), where he worked on all aspects of the case from client development, discovery, and settlement; *Hogan, et al., v. Amazon, Inc.* (N.D. Ill.), where he has been active with discovery and expert work; *Thelen, et al., v. HP. Inc*. (D. De.), where he has been active in briefing as the case is in its infancy. Mr. Goodwin has been active with various aspects of many other cases with Gustafson Gluek.

Beyond his litigation practice, Mr. Goodwin is also active in the Federal Bar Association at the state and national level, currently serving as Vice President for the Eighth Circuit, and previously serving as a National Director and as past Chair of the Younger Lawyer Division. He is also active with the Minnesota State Bar Association, where he has served as Co-Chair of the Consumer Litigation Section. Mr. Goodwin has been recognized as a Rising Star and Super Lawyer.

Joe Nelson joined Gustafson Gluek PLLC after clerking for the Honorable Kate Menendez at the United States District Court for the District of Minnesota. Since joining the firm, Mr. Nelson has been involved in several data breach and other class actions in varying capacities.

**Edelson Lechtzin LLP**

Edelson Lechtzin LLP is a national class action law firm based in suburban Philadelphia. The firm has decades of experience litigating class actions and leads a team of trial lawyers who possess diverse backgrounds and experience in a variety of class action cases—including antitrust, consumer fraud, and data-breach cases.

Marc H. Edelson, one of Edelson Lechtzin LLP's founding partners, received his J.D. from the University of California, Los Angeles School of Law; and graduated cum laude from the Wharton School of the University of Pennsylvania with a B.S. in economics. Mr. Edelson has been litigating class actions for over 3 decades and has been appointed lead or co-lead counsel in numerous significant class actions and MDLs, including *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456; *New England Carpenters Health Benefit Fund v. First DataBank, Inc. and McKesson Corp.*, C.A. No. 05-11148 (D. Mass); *In re Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566 (D. Nevada); and *In re HELOC Minimum Payment Calculation Litigation*, Case No. 15-cv-00267 (EDPA); among others. Recently, Mr. Edelson has been extensively litigating class actions involving data breaches including the following: *In re: Harvard Pilgrim Data Security Incident Litigation,* No. 1:23-cv-11211 (D. Mass.), *Gutierrez v. Independent Living Systems, LLC*, No. 1:23-cv-21221 (D. SDFL), *Maria Gregory, et al. v. Johns Hopkins University et al.* No. 1:23-cv-01854 (D. MD), *Humphries, et al v. Apria Healthcare*, LLC No. 1:23-cv-01147 (D. SDIN),

*Nelson et al. v. Connexxin Software, Inc.,* No. 2:27-cv-04676 (D. EDPA) (Member of the Executive Committee), *In re: MOVEit Customer Data Breach Security Litigation,* MDL No. 3083, and *Renaldo Ellis et al. v. Pension Benefit Information, LLC et al.,* No. 0:23-cv-02139 (D. MN). Mr. Edelson has been recognized as a Super Lawyer in 2022 and 2023. He will be assisted in his efforts by other attorneys from the firm including Sati Gibson, Shoshanna Savett and Liberato Verderame. *See* EL Firm Resume, Exhibit B.

### c.  The proposed interim class counsel bring important diversity

Diversity has become an important issue not only in the legal profession as a whole but in class action leadership. *See, e.g.*, *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. at 277; *Robinhood*, No. 20-cv-01626-JD, WL 7330596, at *2. The recent guidelines entitled, "Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation," issued by the James F. Humphreys Complex Litigation Center, George Washington Law School (March 15, 2021) ("Guidelines and Best Practices"),[1] "address the judiciary's responsibility for, and role in, giving lawyers across the profession an equal opportunity to be appointed to MDL and class-action

---

[1] https://www.law.gwu.edu/humphreys-complex-litigation-center-publications (last accessed July 21, 2021).

leadership positions," (Guidelines and Best Practices at 1), particularly women, minorities, disabled attorneys, and LGBTQ lawyers. *Id.* at iii.

With respect to Rule 23(g), the Guidelines and Best Practices state that "appointing diverse counsel to leadership roles can be important to fulfilling" the court's obligation to select counsel who will fairly and adequately represent the class. *Id.* at 6. The Guidelines and Best Practices also note that appointing non-repeat yet able attorneys to leadership positions "provides the opportunity to train future leaders, permitting the system to work well in the years to come." *Id.* at 11. *See also Daniels v. Delta Air Lines, Inc.*, No. 1:20-CV-01664-ELR, 2020 WL 12948052, at *2 (N.D. Ga. Nov. 3, 2020) (noting that decision between three competing motions was based in part on the fact that the successful team members "are from diverse backgrounds and thus, represent a "balanced team" of skills and experience").

The Proposed Interim Class Counsel firms fully support diversity and intend on staffing this case accordingly. For example, Ms. Smith's firm is a strong proponent of diversity. Forty-five percent of its associate attorneys are women, and twenty-one attorneys of the firm represent diverse background in terms of race, religion, sexual orientation, and national origin. Ms. Smith herself is a Korean American attorney, born and raised in Seoul, South Korea, and is one of the firm's equity partners, which shows Gustafson Gluek's commitment to diversity where women of color account for only 3% of all equity partners in the United States. *Id.*

Similarly, Edelson Lechtzin LLP employs a diverse group of attorneys from varying backgrounds. Sati Gibson, a first generation college graduate has been actively involved in all phases of class action litigation since joining the firm several years ago. Shoshanna Savett, a second generation class action attorney will be an integral part of the litigation team.

### d. The proposed interim class counsel are committed to representing and advancing the interests of the class.

Not only do proposed interim class counsel's respective law firms have the resources to effectively prosecute this case, they are committed to utilizing them to do so. Proposed interim class counsel collectively employ a number of experienced attorneys, many of whom represent plaintiffs in complex litigation and specialize in class action work. In past litigation, their attorneys have always matched the resource commitment and drive of the opposition, no matter how intense and long-lasting the litigation. *See, e.g.*, *Carlotti v. Asus Comput. Int'l,* No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *21 (N.D. Cal., Jun. 22, 2020).

In sum, proposed interim class counsel are committed to pursuing the best interests of the proposed class in an efficient manner. They fully understand the resource and time investment necessary to pursue this action to a successful resolution. Their firms have always, and will continue to make, that investment here.

### e. Plan of Litigation

As soon as practical after the appointment of Interim Lead Counsel, the firms will endeavor to establish committee chairs to effectively litigate thus matter including briefing, pleadings, discovery, plaintiff vetting and experts. The firms will also expeditiously negotiate an ESI protocol and Protective Order. Simultaneously, the firms will negotiate with Defendant a comprehensive Case Management Plan and retain appropriate experts. The firms will utilize the expertise of other counsel that have filed cases herein in an efficient mar and one that capitalizes on the group's collective expertise.

### 3. Paul Painter should be appointed as liaison counsel

Plaintiffs also request that the Court appoint Paul Painter of Bowen Painter, LLC as Interim Liaison Counsel. A court, in its discretion, may appoint interim liaison counsel to assist interim class counsel with, among other things, adhering to local rules and best practices. *See* Manual at § 10.221. Tasks to be performed by liaison counsel in this litigation include, but are not limited to:

> 1. Working in conjunction with interim class counsel to assist in coordination of meetings, discovery, litigation positions, and other tasks;
>
> 2. Ensuring that Plaintiffs comply with all local rules and procedures governing the practice of law before this Court;
>
> 3. Maintaining and distributing to co-counsel and Defendants' liaison counsel an up to-date service list;
>
> 4. Receiving and, as appropriate, distributing to co-counsel orders from the court and documents from opposing parties and counsel; and

5. Establishing and maintaining a document depository.

*See* Manual at §§ 40.22, 10.221. Mr. Painter is very well-situated to serve in this role. Mr. Painter is an experienced veteran of the U.S. Navy and a respected lawyer in the local community. He was appointed by the Georgia Supreme Court to act as special master in attorney discipline cases, is president of the Southern District of Georgia's Federal Bar Association, and a member of the State Bar of Georgia's Board of Governors. He has served as president of the Savannah Trial Lawyers Association, the Chair of the State Bar of Georgia's General Practice and Trial Section, and the regional vice president of the Georgia Trail Lawyers Association. His knowledge of the Georgia bar and this Court will help this matter proceed with the utmost diligence, efficiency, and professionalism.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Gustafson Gluek PLLC and Edelson Lechtzin, LLP, be appointed as interim class counsel. Plaintiffs further request that Paul Painter of Bowen Painter, LLC, be appointed as liaison counsel.

Dated: August 15, 2023                    Respectfully submitted,

   /s/ Paul W. Painter III
Paul W. Painter, III
Georgia Bar No. 520965
BOWEN PAINTER, LLC
308 Commercial Drive, Suite 100
Savannah, GA 31406
Phone: 912-335-1909
Facsimile: 912-335-3537
Email: paul@bowenpainter.com


David A. Goodwin (pro hac vice)
Daniel C. Hedlund (pro hac vice)
Catherine Smith (pro hac vice pending)
Joseph Nelson (pro hac vice)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:(612)333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
csmith@gustafsongluek.com
jnelson@gustafsongluek.com


Marc H. Edelson (pro hac vice)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
medelson@edelson-law.com


*Attorneys for Plaintiffs*