IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SAVANNAH KOLSTEDT *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 4:23-cv-00076-RSB-CLR |
| | ) | |
| TMX FINANCE CORPORATE SERVICES, INC.; | ) | |
| TMX FINANCE LLC d/b/a "TitleMax" d/b/a | ) | |
| "TitleBucks" d/b/a "InstaLoan," | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter is before the Court for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1]  The Court therefore **GRANTS** the Plaintiffs' Consent Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of Settlement Class, as well as the Supplemental Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of Settlement Class.  (Docs. 149 & 156).[2]  Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

[2] In light of the entry of this Order, the Court **DENIES AS MOOT** the following pending motions: Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Action Pending Arbitration, (doc. 108);

**Provisional Certification of The Settlement Class**

(1)     The Court provisionally certifies the following Settlement Class:

All residents of the United States whose Personal Information was accessed, stolen, impacted, or compromised as a result of the Data Breach as identified in the Class List.  Excluded from the Settlement Class are (i) TMX, any Entity in which TMX has a controlling interest, and TMX's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

This Settlement Class is provisionally certified for purposes of settlement only.

(2)     The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)     Makecia Berry, Sheneequa Carrington, Antonio DeJesus, Tommy Domino, Patsy Eslinger, Evelyn Francis, Dewayne Jackson, Von King, Melvin Nicholas, Jodie Petty, LaPetra Robinson, Edwin Scheide, Joseph Trottier, and Francis Ann Washington are designated and appointed as the Settlement Class Representatives.

(4)     The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): MaryBeth V.

---

Defendants' Motion to Dismiss, (doc. 109); and Plaintiffs' Motion for Discovery Related to Defendants' Motion to Compel Arbitration, (doc. 114).

Gibson of Gibson Consumer Law Group, LLC; Kelly K. Iverson of Lynch Carpenter, LLP; and

Amy Keller of DiCello Levitt LLP.  The Court finds that these lawyers are experienced and will

adequately protect the interests of the Settlement Class.

## Preliminary Approval of the Proposed Settlement

(5)      Upon preliminary review, the Court finds the proposed Settlement is fair,

reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice

to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

## Final Approval Hearing

(6)      A Final Approval Hearing shall take place before the Court at 10:00 AM on

Tuesday, August 12, 2025, at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court,

Savannah, Georgia, to determine, among other things, whether: (a) the proposed Settlement Class

should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23;

(b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance

with the Settlement's terms, all claims against TMX in the Consolidated Complaint and Action

should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases

set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered;

(e) the application of Class Counsel for an award of Attorneys' Fees and Expenses should be

approved.  Any other matters the Court deems necessary and appropriate will also be addressed at

the hearing.

(7)      Class Counsel shall submit their application for payment of Attorneys' Fees and

Expenses no later than fourteen (14) days before the Objection Deadline.

(8)      Any Settlement Class Member that has not timely and properly excluded itself from

the Settlement in the manner described below, may appear at the Final Approval Hearing in person

or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(9)     Simpluris is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, receiving and distributing any objections and exclusion requests, as set forth in this Order, and all other obligations of the Settlement Administrator as set forth in the Settlement.  All Administration and Notice Costs incurred by the Settlement Administrator will be paid by TMX consistent with the Settlement.

### Notice to the Class

(10)     The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibits A through D, (see doc. 156-1), satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to these exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(11)     The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms

of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(12)    Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent via United States mail to the designated address established by the Settlement Administrator, postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline").  The written notification must include the case name and number of this Action (*Savannah Kolstedt et al. v. TMX Finance Corporate Services, Inc. et al.*, Case No. 4:23-cv-00076-RSB-CLR (S.D. Ga.)); the full name and address of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.  Any purported mass or class opt-outs are not permitted.  Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(13)    All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the

Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(14)    The Settlement Administrator shall provide the Parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within five (5) Business Days after the Opt-Out Deadline, a final list of all individuals that have timely and validly excluded themselves from the Settlement in accordance with the terms of the Settlement and herein.  Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

## Objections to the Settlement

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is mailed to the Settlement Administrator on or before the Objection Deadline, which shall be 60 days after the Notice Date.  For the objection to be considered by the Court, the written objection must include:

        (i)    The case name and number of the Action (*Savannah Kolstedt et al. v. TMX Finance Corporate Services, Inc. et al.*, Case No. 4:23-cv-00076-RSB-CLR (S.D. Ga.));

        (ii)    The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(iii)   A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(iv)   A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

(v)   Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);

(vi)   A statement of the specific grounds for the objection; and

(vii)   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(17)   A written notice of objection must be sent via first class, postage-prepaid United States Mail and postmarked no later than the Objection Deadline to:

> TMX Data Settlement
> c/o Settlement Administrator
> PO Box 25043
> Santa Ana, CA 92799

(18)   Within three (3) Business Days of receipt of any objection, the Settlement Administrator shall provide the Parties with a copy of the objection. Within three (3) Business

Days of the Objection Deadline, Class Counsel shall file on the Court's electronic docket all objections received from the Settlement Administrator, if any (and shall promptly supplement with additional objections that are subsequently received, if any).

(19)    Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

### Claims Process and Distribution Plan

(20)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(21)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members who qualify for any monetary benefit under the Settlement that requires submission of a claim but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, (and who do not submit a valid and timely request for exclusion) shall be forever barred from receiving any such monetary benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.  Settlement Class Members that do not submit an Approved Claim shall still be entitled to receive the Debt Reduction benefit contemplated in Section 5.2 of the Settlement Agreement.

**Termination of the Settlement and Use of this Order**

(22)    This Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and TMX, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(23)    If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against TMX of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

**Stay of Proceedings**

(24)    Except as necessary to effectuate this Order, the claims against TMX and any deadlines set by the Court as to the claims against TMX are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(25)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions By Settlement Class Members**

(26)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against TMX related to the Data Breach.

**Summary of Deadlines**

(27)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
|---|---|
| Notice Date | 45 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses | At least 14 days prior to Objection Deadline |
| Opt-Out Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Claims Deadline | 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order) |

| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
|---|---|
| Final Approval Hearing | Tuesday, August 12, 2025, at 10:00 AM |

**SO ORDERED**, this 24th day of March, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11