# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SAVANNAH KOLSTEDT *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 4:23-cv-00076-RSB-CLR |
| ) | |
| TMX FINANCE CORPORATE SERVICES, INC.; ) | |
| TMX FINANCE LLC d/b/a "TitleMax" d/b/a ) | |
| "TitleBucks" d/b/a "InstaLoan," ) | |
| ) | |
| Defendants. ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

On March 25, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 157) of the Settlement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and TMX Finance Corporate Services, Inc. and TMX Finance LLC (collectively, "TMX"), as memorialized in Exhibit 1 (Doc. 156-1) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.[1]

On May 8, 2025, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing.

On August 12, 2025, the Court held a final approval hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims against TMX in the Consolidated Complaint with prejudice. Prior

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement and/or the award of attorneys' fees, costs, and expenses.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for TMX, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement of the claims against TMX, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof—including, without limitation, the releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## **OBJECTIONS AND OPT-OUTS**

7. No objections were submitted by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9. A list of those individuals who have timely and validly elected to exclude themselves from the Settlement (i.e., opt out of the Settlement) in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration and Supplemental Declaration of Shelby Alvey of Simpluris, Inc., filed in advance of the Final Approval Hearing. That list is attached as Exhibit A to this Order. The persons and/or entities listed in Exhibit A are not bound by the Settlement or this Final Approval Order and Judgment and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## **CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All residents of the United States whose Personal Information was accessed, stolen, impacted, or compromised as a result of the Data Breach as identified in the Class List.  Excluded from the Settlement Class are (i) TMX, any Entity in which TMX has a controlling interest, and TMX's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

11. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of Makecia Berry, Sheneequa Carrington, Antonio DeJesus, Tommy Domino, Patsy Eslinger, Evelyn Francis, Dewayne Jackson, Von King, Melvin Nicholas, Jodie Petty, LaPetra Robinson, Edwin Scheide, Joseph Trottier, and Francis Ann Washington, as the Settlement Class Representatives.  The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment of MaryBeth V. Gibson of Gibson Consumer Law Group, LLC; Kelly K. Iverson of Lynch Carpenter, LLP; and Amy Keller

of DiCello Levitt LLP as Class Counsel.  The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14.     The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.     The Court finds that TMX has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEE AND EXPENSES

16.     The Court has considered Class Counsel's Motion for Attorneys' Fees and Expenses.

17.     The Court awards Class Counsel $5,750,000 as attorneys' fees and costs and expenses, to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable.  This award of Attorneys' Fees and Expenses, and any interest earned thereon, shall be paid by TMX in accordance with the Settlement.  This award of Attorneys' Fees and Expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## OTHER PROVISIONS

18.     The Parties to the Settlement shall carry out their respective obligations thereunder.

19. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

20. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties, except for claims relating to the enforcement of the Settlement. (Doc. 156-1 §12).

21. In addition, each and every Settlement Class Representative whose debt is reduced to zero dollars ($0) pursuant to Section 5.3 of this Settlement as of the Effective Date, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever releases and discharges any and all Settlement Class Representative Released Claims against the Released Parties, except for claims relating to the enforcement of the Settlement. (Doc. 156-1 §12).

22. "Released Parties" means TMX Finance Corporate Services, Inc., TMX Finance LLC, and CCF Intermediate Holdings, LLC (collectively, the "TMX Entities"), and each of the TMX Entities' current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, creditors, lenders, and retailers. (Doc. 156-1 §2.33).

23. "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members with the only exception that Opt-Out Members identified in Exhibit A hereto are not Releasing Parties. (Doc. 156-1 §2.34).

24. "Released Claims" means any and all claims (including, without limitation, any and all common law, equitable, and statutory claims arising under the laws of any jurisdiction, including those arising under state and/or federal laws of the United States), defenses, demands, actions, causes of action, losses, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims (defined below)), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, any factual, legal, or other allegations in the Consolidated Complaint, and/or any theories of recovery that were, or could have been, raised at any point in the Action that in any way concern, arise out of, or relate to the Data Breach.

For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion,

negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. (Doc. 156-1 §2.32).

25.     "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement. (Doc. 156-1 §2.45).

26. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against TMX as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by TMX with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, arbitration, or other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, arbitration, or other proceeding, or of any liability, negligence, fault, breach of duty, or wrongdoing of TMX; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other litigation, arbitration, or other proceeding, or as otherwise required by law.

27. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by TMX has any merit.

28.     The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29.     The Court hereby dismisses all claims against TMX in the Action, including in the Consolidated Complaint, on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30.     Consistent with Paragraph 4.4 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of Settlement Class Representatives' and TMX's obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and Settlement Class Representatives and TMX shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, Settlement Class Representatives and TMX shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of Settlement Class Representatives' and TMX's respective positions on the issue of class certification or any other issue).

31.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

33.     As and for the reasons stated on the record in the August 12, 2025, hearing and within this Order, the Court **GRANTS** the pending motions, (docs. 162, 163), **DISMISSES** this action **WITH PREJUDICE**, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 2nd day of September, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA